**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHCHAIN SINGH PARMAR, | No. 08-70109 |
| Petitioner, | Agency No. A098-822-312 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 15, 2011
San Francisco, California

Before: KOZINSKI, Chief Judge, BEA, Circuit Judge, and GETTLEMAN, Senior
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert W. Gettleman, Senior District Judge for the
U.S. District Court for Northern Illinois, sitting by designation.

Sukhchain Singh Parmar ("Parmar") petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of relief based on an adverse credibility finding against Parmar.

Parmar filed his claim for asylum after the effective date of the REAL ID Act, so our review is governed by the Act's standards for adverse credibility determinations. 8 U.S.C. § 1158(b)(1)(B)(iii). Inconsistencies in an applicant's testimony need not go to the heart of his claim, and the IJ may consider many factors in making an adverse credibility determination, including unresponsiveness, inconsistency and demeanor. *Id.* Here, the IJ and BIA noted that Parmar was unresponsive, especially regarding questions about the arrest and detention that Parmar claimed precipitated his flight from India. There were also inconsistencies in Parmar's testimony, notably regarding the timing of his third arrest. The IJ's adverse credibility determination under the REAL ID Act requires a "healthy measure of deference." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010). The IJ and BIA in this case pointed to specific factors supporting the adverse credibility determination and considered all of Parmar's testimony. While the government rightly concedes that the IJ erred in some of her characterizations of Parmar's testimony, the determination made by the IJ and BIA nonetheless was supported by substantial evidence.

Because Parmar failed to meet his burden of proof for asylum, he necessarily failed to meet the higher burden of proof for withholding of removal. *Ren v. Holder*, 648 F.3d 1079, 1094 n.17 (9th Cir. 2011). He also failed to meet his burden for relief under the CAT. The reports on country conditions from the State Department do not support Parmar's claim that he is likely to be tortured upon his return to India. Since the remainder of Parmar's claim under the CAT was no different from his discredited claim for asylum, his lack of credibility is also sufficient to undermine his claim under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**